UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>        Defendants. | Case No. 23-cr-80101-AMC |

**PRESS COALITION MOTION TO INTERVENE AND BE HEARD ON
ACCESS-RELATED ISSUES AT THE MARCH 1, 2024 SCHEDULING CONFERENCE**

Pursuant to Local Rules 7.1 and 88.9, a coalition of local and national news media organizations (the "Press Coalition")[1] that continue to cover the proceedings in this prosecution of former President Donald J. Trump and his co-defendants respectfully submit this motion regarding the Scheduling Conference to be held in this matter on March 1, 2024 (ECF 215, 332).

In its Order in Anticipation of Scheduling Conference and Hearing (ECF 338), this Court has indicated that the Conference will address, *inter alia*, the "sealing/redaction implications" of Defendants' Motions to Compel (ECF 262) and "the potential need" to hold hearings on other pending motions "under complete or partial seal." Order at 1-2. The Court further directed the

---

[1] The coalition includes: Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting, Inc. o/b/o CBS News, CMG Media Corporation d/b/a Cox Media Group, Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Fort Myers Broadcasting Company, Fox News Network, LLC, The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc., Gray Media Group, Inc., Guardian News & Media Limited, Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, the McClatchy Company, LLC d/b/a the Miami Herald, NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, POLITICO LLC, Radio Television Digital News Association, Reuters News & Media Inc., Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, Univision Networks & Studios, Inc., WP Company LLC d/b/a The Washington Post, and WPLG, Inc.

parties to "be prepared (in the afternoon session) to present studied legal argument on the Special Counsel's pending Motion for Reconsideration [ECF No. 294] and all related/forthcoming filings concerning sealing/redaction," including in particular the right of access to judicial records and proceedings under "the First Amendment in the criminal context (post-indictment)," "the Local Rules of this District," and "common law." *Id.* at 2-3.

The Press Coalition therefore moves for leave to intervene in this matter on a tentative basis and for the limited purposes of (1) providing the Court with argument regarding those access issues on behalf of the press and public; and (2) ensuring that the press and public receive "an opportunity to be heard on the question of their exclusion" prior to any closure of the Scheduling Conference itself. *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982). This requested relief is closely akin to what this Court granted in response to a prior Press Coalition motion with respect to the *Garcia* hearings held in this matter in October 2023. *See* Oct. 11, 2023 Order (ECF 177) ("Should a basis arise to warrant consideration of a temporary closure of the courtroom," press counsel "will be given an opportunity to be heard prior to any decision on closure."); Oct. 11, 2023 Order (ECF 180) (clarifying same). As with those *Garcia* hearings, counsel for the Press Coalition will be in the courthouse during the Scheduling Conference prepared to address the issues discussed above.[2]

In further support of this Motion, the Press Coalition offers the following two points.

**First**, the Court should permit the Press Coalition to intervene in this matter for the limited purposes described above. *See, e.g.*, *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC,* 918 F.3d 1161, 1170 (11th Cir. 2019) ("The press has standing to intervene in

---

[2] Dana J. McElroy (FBN 845906) of Thomas & LoCicero PL will be in attendance and prepared to appear, if the Court permits, on behalf of the Press Coalition.

2

actions to which it is otherwise not a party in order to petition for access to court proceedings and records."); *United States v. Valenti*, 987 F.2d 708, 711 (11th Cir. 1993) (noting press "standing to intervene for purposes of challenging its denial of access to the underlying litigation, even though it is otherwise not a party").[3]  Indeed, intervention is especially appropriate here because members of the Press Coalition have been reporting on this matter for more than a year, ever since many of them successfully moved to intervene to unseal the Mar-a-Lago search warrant materials.  *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1259 (S.D. Fla. 2022).

**Second**, the Scheduling Conference is presumptively a public proceeding.  *See, e.g.*, Local Rule 5.4(a) ("Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) ("The integrity of the judicial process, which public scrutiny is supposed to safeguard, is just as much at issue in proceedings of this kind as at trial."); *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("What transpires in the court room is public property.").  Given this presumption of openness, the "court may restrict the right of the public and the press" to the Scheduling Conference "only after . . . notice and an opportunity to

---

[3] The Government opposed a previous Press Coalition motion to intervene in this matter by citing to Rules 24(a) and (b) of the Federal Rules of Civil Procedure.  *See* ECF 282 at 2-3.  As this Circuit and courts across the country have long recognized, the right of the press to intervene in criminal actions for the purpose of seeking access to sealed records or proceedings arises not from the Federal Rules but from the First Amendment right of access itself.  *See, e.g.*, *In re Petition of Trib. Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986) ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records."); *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("Because vindication of the right of public access requires some meaningful opportunity for protest by persons other than the initial litigants, we now invoke this authority to hold that a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper.") (cleaned up); *In re Associated Press*, 162 F.3d 503, 507-08 & n.6 (7th Cir. 1998) (same and collecting cases).

3

be heard on a proposed closure." *See Valenti*, 987 F.2d at 713. Such an opportunity to be heard is precisely what the Press Coalition requests here.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant its motion to intervene in these proceedings for the limited purpose of permitting its counsel the opportunity to be heard (1) prior to any closure of the courtroom during the March 1, 2024 Scheduling Conference; and (2) on the various access-related matters that the Court plans to address at that Conference.

## CERTIFICATION OF GOOD-FAITH CONFERENCE

Pursuant to Local Rules 7.1(b)(3) and 88.9(a), undersigned counsel certifies that on February 28, 2024, they made reasonable efforts to confer via email with counsel for the Government and counsel for Defendants regarding the relief requested in this motion. Counsel for the Government stated that the Government opposes this motion. Counsel for Defendants Trump and De Oliveira stated that they take no position on this motion "but reserve [their] rights to respond orally at the conference if the Court grants [the] relief and allows [Movants] to be heard." Counsel for Defendant Nauta did not respond.

Dated: February 29, 2024

THOMAS AND LOCICERO PL

By: */s/ Carol Jean LoCicero*
    Carol Jean LoCicero (FBN 603030)
    601 South Boulevard
    Tampa, FL 33606
    Telephone: 813.984.3060
    clocicero@tlolawfirm.com

    Dana J. McElroy (FBN 845906)
    Karen Williams Kammer (FBN 771200)
    Daniela B. Abratt (FBN 118053)

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
    Charles D. Tobin (FBN 816345)
    1909 K Street NW, 12th Floor
    Washington, DC 20006
    Telephone: 202.661.2218
    tobinc@ballardspahr.com

*Attorneys for Advance Publications, Inc., the Associated Press, Bloomberg L.P., Cable News Network, Inc., the E.W. Scripps*

4

915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Telephone: 954.703.3418
dmcelroy@tlolawfirm.com
kkammer@tlolawfirm.com
dabratt@tlolawfirm.com

*Attorneys for CBS Broadcasting Inc., Fort Myers Broadcasting Company, the McClatchy Company, LLC d/b/a the Miami Herald, The New York Times Company, Sun-Sentinel Company, LLC, publisher of the South Florida Sun Sentinel, and Times Publishing Company*

SHULLMAN FUGATE PLLC

By: */s/ Rachel E. Fugate*
    Rachel E. Fugate (FBN 144029)
    Deanna K. Shullman (FBN 514462)
    Minch Minchin (FBN 1015950)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, FL 33411
    Telephone: 813.935.5098
    rfugate@shullmanfugate.com
    dshullman@shullmanfugate.com
    mminchin@shulmanfugate.com

*Attorneys for American Broadcasting Companies, Inc., CMG Media Corporation d/b/a Cox Media Group, Dow Jones & Company, Inc., Guardian News & Media Limited, Orlando Sentinel Media Group, publisher of the Orlando Sentinel, and Tribune Publishing Company*

*Company, Fox News Network, LLC, Gray Media Group, Inc., Insider Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, WP Company LLC d/b/a The Washington Post, and Univision Network & Studios, Inc.*

ATHERTON GALARDI MULLEN & REEDER PLLC

By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Attorneys for The Palm Beach Post and USA TODAY, publications operated by subsidiaries of Gannett Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of February 2024, I caused true and correct copies of the foregoing to be served via ECF on all counsel of record.

/s/ *Charles D. Tobin*
Charles D. Tobin